SANDERS LAW, PLLC
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 105156

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Visions of America, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>MAKINGFRIENDS.COM INC.,<br><br>　　　　　　　　Defendant. | Docket No:<br><br>**COMPLAINT** |

　　　　Visions of America, LLC ("VOA" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant MAKINGFRIENDS.COM INC. ("MakingFriends" or "Defendant") states and alleges as follows:

**INTRODUCTION**

　　　　1.　　This action seeks to recover for copyright infringement. Plaintiff herein creates stock photography images and owns the rights to these photographs, which it licenses for various uses including online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

　　　　2.　　Defendant owns and operates a website known as makingfriends.com (the "Website"). Without permission or authorization from Plaintiff, Defendant actively copied, stored, modified, and displayed Plaintiff's photograph on the Website—and actively copied,

1

stored, modified, displayed, and placed Plaintiff's photograph onto one of Defendant's crafts, the materials for which are sold through the Website—and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* __ U.S. __, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Defendant because Defendant is a New York corporation and Defendant also maintains its principal place of business within the State of New York.

6. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

**I.     Plaintiff**

7. VOA is a California limited liability company and maintains its principal place of business in Ventura County, California.

## II.     **Defendant**

8.     On information and belief, Defendant is a New York corporation with a principal place of business in Suffolk County, New York, and is liable and responsible to Plaintiff based on the facts herein alleged.

9.     Defendant is an arts-and-crafts company which, through its Website, provides "thousands of craft project sheets, recycled ideas & free printables" and sells discount craft supplies and homemade products via its online store.[1]

10.     The Website is a popular and lucrative enterprise that purposefully displays stock photographs, including Plaintiff's copyrighted photograph.

11.     The Website is monetized in that it contains paid advertisements and sells merchandise to the public, and, on information and belief, Defendant profits from these activities.

12.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and displayed Plaintiff's copyright-protected photograph (the "Photograph"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

13.     Without permission or authorization from Plaintiff, Defendant also volitionally selected, copied, modified, stored, displayed, and placed the Photograph on one of Defendant's craft products, the materials for which are sold by Defendant on the Website (the "Patriotic Magnetic Frame").

14.     On information and belief, the Photograph was copied, modified, stored, displayed, and placed on the Website and on the Patriotic Magnetic Frame without license or permission, thereby infringing on Plaintiff's copyrights (the "Infringement").

15.     As is set forth more fully in Exhibit "1", the listed Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement.  *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

16.     The listed Infringement in "Exhibit 1" is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website as well as directly

---

[1] http://www.makingfriends.com/

3

copied to and placed on the Patriotic Magnetic Frame, which materials were sold through the Website.

17. On information and belief, Defendant takes an active and pervasive role in the content posted and the products sold on its Website, including but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photographs as well as selling the products needed to create the Patriotic Magnetic Frame featuring Plaintiff's Photograph.

18. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

19. None of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

20. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activity, including the specific Infringement which forms the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringement.

21. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

22. Additionally, on information and belief, Defendant, with "red flag" knowledge of the infringements, failed to promptly remove same (*see 17 U.S.C. §512(c)(1)(A)(i)*) as evidenced by the following:

   (a) Defendant created and authored articles, postings, and/or craft ideas that encouraged members to purchase products on its Website, including those needed to create the Patriotic Magnetic Frame featuring Plaintiff's copyrighted Photograph;

   (b) The Photograph is readily identifiable as copyright protected as it contains a copyright watermark on the image, thereby making Defendant's infringement willful as a matter of law.

23. Further, Defendant has the legal right and practicable ability to control and limit the infringing activities on its Website and habitually exercised such right, which, on

information and belief, is evidenced by the following:

    (a)    Defendant had complete control over and actively reviewed and monitored the content posted on and the products sold through the Website.

    (b)    Defendant admits that it monitors the content posted on and the products sold through the Website.

24.    On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, Defendant experienced an increase in traffic to the Website, and, in turn, realized an increase in its advertising revenues and merchandise sales. *17 U.S.C. §512(c)(1)(B)*.

25.    On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

26.    On information and belief, a large number of people have purchased the materials needed to create the Patriotic Magnetic Frame featuring Plaintiff's Photograph from the Website.

27.    On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

28.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

29.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

30.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

31.    Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

32.    Without permission or authorization from Plaintiff and in willful violation of its rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed a work copyrighted by Plaintiff, thereby violating Plaintiff's exclusive rights in its copyright.

33.    Defendant's reproduction and display of the Photograph on the Website

constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

34. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photograph on the Website and purchased the materials needed to create the Patriotic Magnetic Frame featuring unlawful copies of the Photograph from the Website.

35. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

36. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

37. At all material times hereto, on information and belief, Defendant had the legal right and practicable ability to supervise, control, limit and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise that right and ability to do so.

38. For example, on information and belief, Defendant had the practicable ability to police the image on its Website when its employees, agents and members edited, modified and/or interacted with the Photograph, and, therefore, had the right and ability to supervise and control the infringing Photograph.

39. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's employees, agents, and members have continued to infringe upon Plaintiff's Photograph, which, in turn, generates profits for Defendant directly from the use of the Infringement.

40. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to the Website, from an increase in fees paid by sponsors, and from an increase in merchandise sales.

6

41. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photograph to increase user traffic, thereby increasing advertising revenue, merchandise sales, and fees paid by sponsors.

42. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

43. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

44. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

45. Plaintiff requests a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendant from displaying the Infringement.

## FOURTH COUNT
### *(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

46. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

47. Plaintiff requests, pursuant to 17 U.S.C. §505, its attorney fees and costs for the prosecution of this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a.    Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant's wrongful profits in an amount to be proven at trial; and

    b.    A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

    c.    Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and

    d.    Plaintiff's costs; together with

    e.    Such other relief that the Court determines is just and proper.

DATED: March 11, 2015

**SANDERS LAW, PLLC**

  /s/ Craig B. Sanders
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 281-7601
csanders@sanderslawpllc.com

*Attorneys for Plaintiff*
File No.:105156